UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT-BRYAN COY and BRYAN-CHRISTOPHER COY,<br><br>Plaintiffs,<br><br>v.<br><br>ADA COUNTY; MATT CLIFFORD; STEPHEN BARTLETT; PATRICK L. SCHNEIDER; TERRY LAKEY; RYAN R. DONELSON; SHANNON L. SENSIBAUGH; and DOES 1-50,<br><br>Defendants. | Case No. 1:23-cv-00144-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS AND MOTION TO TAKE JUDICIAL NOTICE** |

Pending before the Court are Defendants' Motion to Dismiss (Dkt. 3) and their Motion to Take Judicial Notice (Dkt. 5). The Court finds oral argument would not significantly aid its decision-making process and decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). *See also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed, the Court grants the motions and dismisses the case.

## I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject-matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim on which relief can be granted tests the legal sufficiency of a complaint. *Navarro v. Block*,

250 F.3d 729, 732 (9th Cir. 2001).  In assessing dismissal of claims pursuant to Rule 12(b)(6), the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Generally, a district court may not consider any materials beyond the complaint when ruling on a Rule 12(b)(6) motion.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If the court considers evidence outside the pleadings, it must convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56.  "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts.  Fed. R. Evid. 201(a).  "The court may judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  Generally, a federal court may take judicial notice of documents filed in state court cases. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of the court filings and other matters of public record."); *see also Seattlehaunts, LLC v. Thomas Fam. Farm, LLC*, No. C19-1937JLR, 2020 WL 1674124, at *3 (W.D. Wash. Apr. 6, 2020) (taking notice of state court documents).

Defendants request the Court take judicial notice under Rule 201 of several documents filed in Robert's and Bryan's state court cases and submitted copies of those documents. (Dkt. 5). The Court finds these documents meet the criteria for judicial notice and grants Defendants' request to judicially notice them under Rule 201.

## I. BACKGROUND

After disputing tax assessments, Robert-Bryan Coy filed a UCC lien against the Ada County Tax Assessor.  (Dkt. 1 at ¶ 28).  In response, Ada County criminally charged Robert for

filing a false or forged instrument. (*Id.* at ¶ 29). On March 28, 2017, Ada County police officers went to Robert's property to execute an arrest warrant related to that charge. (*Id.* at ¶¶ 31-32, 65, 92; *see* Dkt. 5 at Exs. 1, 5). Believing the warrant was defective, Robert protested the arrest. (Dkt. 1 at ¶¶ 31-37). Robert's son, Bryan-Christopher Coy, was sleeping on the premises and heard Robert protesting the arrest. (*Id.* at ¶ 38). Attempting to aid his father, Bryan "fir[ed] a warning shot from his own pistol." (*Id.* at ¶ 39). The officers returned gunfire, and Bryan "surrendered shortly thereafter." (*Id.* at ¶ 40).

Based on this interaction, the officers arrested Robert and Bryan. Robert was released on pretrial release but was prohibited from possessing firearms as a condition of his release. (Dkt. 5 at Exs. 3, 4). On March 31, 2017, the Ada County Sheriff's Office confiscated firearms on his property. (Dkt. 1 at ¶ 41; Dkt. 5 at Ex. 7; Dkt. 11-1 at ¶ 41). In January 2018, Robert was found not guilty of filing a false or forged document. (Dkt. 5 at Exs. 7, 9; Dkt. 1 at ¶ 30).

After his acquittal, Robert filed a "Motion for Return of Property and Order," seeking to have his firearms returned. (Dkt. 5 at Ex. 5). Robert's motion was granted, but he did not receive his firearms back from Ada County. (*Id.* at Ex. 6). Rather, Ada County continued to hold the firearms as evidence related to Bryan's criminal case and intended to hold the firearms until after the post-conviction and habeas corpus filing deadlines in Bryan's case passed. (*Id.* at Ex. 9). Bryan was convicted of three counts of aggravated assault of an officer in August 2017. (*Id.* at Ex. 12). Presently, he is incarcerated out-of-state. (Dkt. 1 at ¶ 47).

In April 2023, Robert filed this action on behalf of himself and Bryan against Defendants, who include Ada County and various county employees. Robert alleges eleven claims including both federal claims under 42 U.S.C. §§ 1985(3) and 1983 and state law claims. (Dkt. 1 at ¶¶ 64-101). In response, Defendants filed a motion to dismiss (Dkt. 3) to which plaintiffs failed to respond.

### III. ANALYSIS

#### A. Bryan's Lack of Legal Representation

Defendants move to strike the complaint as to Bryan because neither he nor an attorney acting on Bryan's behalf signed the complaint. (Dkt. 3-1 at p. 1). Under 28 U.S.C. § 1654, a party may proceed in federal court only pro se or through counsel. Further, under the Federal Rules of

Civil Procedure, every written motion "must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In this case, the complaint is signed by Robert-Bryan Coy and "James-Edward Coy, acting as Agent for: Bryan-Christopher Coy." (Dkt. 1 at p. 19). Bryan did not sign the complaint, and there is no indication that James is a licensed attorney. (*See id.*).

Neither Robert, proceeding pro se, nor James as Bryan's purported "agent" have authority to represent Bryan. *See Kerr v. Am. Home Mortg. Servicing, Inc.*, 713 F. App'x 663 (9th Cir. 2018) (declining to consider pro se litigant's arguments made on behalf of unrepresented third parties); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (providing pro-se litigant may represent himself but does not have authority to appear as attorney for others); *Vanzant v. Wilcox*, No. 1:15-CV-00118-BLW-CWD, 2018 WL 4762115, at *1 (D. Idaho Oct. 2, 2018) (finding non-attorney with power of attorney unable to appear pro se on another party's behalf). Further, Idaho law prohibits the unauthorized practice of law. *See* I.C. § 3-104. Because Bryan is a pro se litigant and did not sign the complaint personally, the Court strikes the entire complaint as to him.[1] *See* Fed. R. Civ. P. 12(f) (providing court may strike pleading). The Court also grants Defendants' motion to dismiss the complaint in its entirety as to Robert for the reasons discussed below.

### B.     Failure to Respond

Robert's complaint is subject to dismissal because he failed to file a response to Defendants' motion to dismiss. Under Local Rule 7.1, the Court may deem Robert's failure to file an opposition to Defendants' motion to dismiss as consent to the requested relief. Dist. Idaho Loc. Civ. Rule 7.1(e)(1) (providing "if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to . . . the granting of said motion or other application"). Although the Court construes a pro se litigant's filings liberally, pro se litigants are bound by the rules of procedure and failure to follow those rules may properly result in dismissal. *Lund v. Brenner*, 163 F.3d 606 (9th Cir. 1998) (finding "it was not an abuse of discretion for the district court to deem Appellants' failure to respond to the

---

[1]     The claims for relief related exclusively to Bryan include Claims V, VII, and IX.

motion as consent to the motion"); *Holt v. I.R.S.*, 231 Fed. App'x 557 (9th Cir. 2007) (rejecting pro se plaintiff's contention that court should have warned her of consequences of failing to file opposition); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal based on local rule providing that failure to oppose motion constitutes consent to granting motion). Under Local Rule 7.1(e)(1), the Court construes Robert's failure to respond as consent to Defendants' motion to dismiss. Moreover, even if Robert had not failed to respond, his claims for relief are fatally defective as discussed below.

### C. Statute of Limitations

Robert's federal law claims arising under 42 U.S.C. §§ 1985(3) and 1983 are time-barred.[2] Actions arising under 42 U.S.C. §§ 1985(3) and 1983 are subject to Idaho's statute of limitations for personal injury actions. *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 672-74 (9th Cir. 1991); *see also Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (applying state statute of limitation to § 1983 claims); *Mendez v. City of Boise*, No. 1:21-CV-00446-DCN, 2023 WL 4902504, at *4 (D. Idaho July 31, 2023) (applying Idaho statute of limitation to § 1983 claim). Idaho's personal injury statute of limitations is two years. I.C. § 5-219(4). Although the applicable statute of limitations is determined by state law, federal law determines when a civil rights claim accrues. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004). A civil rights claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

In this case, the conduct about which Robert complains occurred between Robert's arrest on March 28, 2017, and confiscation of his firearms on March 31, 2017. (*See, e.g.*, Dkt. 1 at ¶ 65; Dkt. 5 at Ex. 7). Based on these events, Robert alleges constitutional violations for false arrest, deprivation of his firearms, and illegal seizures. Robert, however, filed his complaint on April 5, 2023—more than two years after the alleged events. Further, to the extent Robert's claims are based on Defendants' failure to return his confiscated firearms, the state court in Robert's criminal case issued an order dismissing Robert's motion for return of property on October 12, 2018,

---

[2]   Robert's federal law claims arising under 42 U.S.C. §§ 1985(3) and 1983 include Claims I, II, III, IV, VI, VII, X, and XI. (Dkt. 1 at ¶¶ 64-86, 99-101).

**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS AND MOTION TO TAKE JUDICIAL NOTICE - 5**

because the firearms were being held in Bryan's case. (*See* Dkt. 5 at Ex. 10). Robert's claim also filed more than two years after that date. Consequently, Robert's federal civil rights claims are time-barred.

### D. Failure to Comply with ITCA

Robert's remaining state law claims for intentional infliction of emotional distress and negligence are barred by his failure to comply with the notice requirement in the Idaho Tort Claims Act ("ITCA"). "The ITCA provides that 'no claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act.'" *Dodge v. Bonners Ferry Police Dep't*, 450 P.3d 298, 303 (Idaho 2019) (quoting I.C. § 6-908). Section 6-906 of the ITCA proscribes the applicable time limit, requiring notice be filed with the county clerk "within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later." I.C. § 6-906. The failure to file within the ITCA time limitation acts as a bar to any further action. *Dodge*, 450 P.3d at 303. Even at the motion to dismiss stage, the plaintiff bears the burden of proving that he complied with the ITCA's notice requirement. *Id.* This requirement is jurisdictional, and the Rule 12(b)(1) standard applies. *Turner v. City of Coeur d'Alene*, No. 2:21-CV-00144-DCN, 2021 WL 5761084, at *5 (D. Idaho Dec. 3, 2021).

Robert's allegations of intentional infliction of emotional distress and negligence against Ada County and its employees falls within the ITCA's purview, requiring Robert to file notice of these claims as a condition precedent to filing suit in federal court. *Butler v. Elle*, 281 F.3d 1014, 1029 (9th Cir. 2002) (affirming dismissal of claims because plaintiff filed tort claim after filing complaint); *see also Ware v. City of Kendrick*, 487 P.3d 730, 732 (Idaho 2021) (affirming grant of summary judgment on negligence claim where plaintiff failed to comply with I.C. § 6-906); *Bliss v. Minidoka Irrigation Dist.*, 468 P.3d 271, 283-84 (Idaho 2020) (affirming grant of summary judgment on intentional infliction of emotional distress claim where plaintiff failed to comply with I.C. § 6-906).

Robert failed to allege facts establishing he complied with the ITCA's notice requirement. Further, Defendants contend they have been unable to locate any notice of tort filing by Robert. (Dkt. 3 at p. 14; Dkt. 3-2). "The ITCA mandates that if a claimant does not provide the government with timely notice of its claim, [he] loses the right to assert the claim." *Allied Bail Bonds, Inc. v.*

*Cnty. of Kootenai*, 258 P.3d 340, 345 (Idaho 2011) (citing I.C. § 6-908).  Because Robert fails to meet his burden of showing that he provided notice of his tort claim to Ada County or its employees, "the plain language of the ITCA requires dismissal of [his state law claims]." *Dodge*, 450 P.3d at 304.

1. **Leave to Amend**

If the Court determines a complaint should be dismissed, it must then decide whether to grant leave to amend.  Although Robert did not respond to Defendants' motion to dismiss, he did eventually file a motion to amend his complaint. (Dkt. 14).  In that motion, however, he does not assert he intends to correct any of the defects in his original complaint through an amendment.  Indeed, as noted above, Robert would not be able to correct the defects in his complaint through an amendment.

Robert's proposed amendment is to add a new defendant.  Such an amendment would not correct the fatal defects in the complaint.  Moreover, Robert failed to include the proposed amended pleading in support of his motion, contrary to Local Rule 15.1.  *See* Dist. Idaho Loc. Civ. R. 15.1 (requiring "proposed amended pleading must be submitted at time of filing the motion to amend").  For this reason and because no amendment could cure the fatal defects in Robert's complaint, the Court declines to grant him leave to amend the complaint.  *See Hoang v. Bank of Am.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (noting leave to amend need not be granted if amendment would be futile).

## IV.  ORDER

**IT IS ORDERED that:**

1. Plaintiff Bryan-Christopher Coy is **STRICKEN** as a Plaintiff from the Complaint.
2. Defendants' Motion to Take Judicial Notice (Dkt. 5) is **GRANTED**.[3]
3. Defendants' Motion to Dismiss (Dkt. 3) is **GRANTED**.  Accordingly, Plaintiffs' Complaint (Dkt. 1) is **DISMISSED with prejudice**.

---

[3]  Defendants' Motion to Take Judicial Notice (Dkt. 4) is merely duplicative of Docket 5, although Defendants filed it unredacted and under seal.  Accordingly, Defendants' Motion to Take Judicial Notice (Dkt. 4) is, likewise, granted.

4. Plaintiffs' Motion for Preliminary Injunction (Dkt. 11) is **DENIED** as **MOOT**.

5. Plaintiffs' Motion for Leave to File Amended Pleading (Dkt. 14) is **DENIED**.

DATED: October 10, 2023

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge